UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

DANNA WILSON,

                Plaintiff,                <u>COMPLAINT</u>
                                                       12 CV 4506 (ALC)

        - against -

MACY'S, INC.,

                Defendant.               Jury Trial Demanded

------------------------------------------------------------------x

      Danna Wilson, by her attorney, Matthew Flamm, alleges the following upon information and belief as her Complaint:

Nature of the Action

      1.     This diversity action arises from the June 10, 2011 arrest and subsequent prosecution of Danna Wilson on the false claim that she was shoplifting.  Plaintiff seeks compensatory and punitive damages for violation of her civil rights.

Jurisdiction and Venue

      2.     Subject matter jurisdiction is pursuant to 28 U.S.C. § 1332.  There is complete diversity between the parties and the amount in controversy exceeds $75,000.

      3.     Personal jurisdiction over the defendant is pursuant to the United States Constitution and the New York Long-Arm Statute, CPLR § 302(a).  Defendant, through its employees and agents, owns real property within the state, transacts business within the state, and committed a tortious act within the state.

4.      Venue is proper in the Southern District of New York under 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in that judicial District.

Parties

5.      Plaintiff Danna Wilson is a citizen of the United States of America residing in the State and City of New York, County of Kings.  She is African-American and resides in Brooklyn, New York.  Plaintiff is a long-time customer of Macy's and has a Macy's charge card.  Other than the arrest complained of herein, plaintiff has never been arrested or prosecuted for anything.

6.      Defendant MACY'S, INC. ("MACY'S")  is a duly organized foreign corporation with its principal offices in Cincinnati, Ohio at 7 West Seventh Street,

7.      Defendant is authorized to do business, and does business, within New York State.  Macy's registered agent in New York is Corporation Service Company, 80 State Street, Albany, New York, 12207.

8.      Defendant operates and maintain a store at 151 West 34th Street in Manhattan ("the Herald Square Store").

9.      Defendant at all times relevant employed people involved in the incidents underlying this lawsuit, including the loss prevention and security personnel arresting and causing plaintiff's prosecution.

10.     Defendant's employees involved in the incidents underlying this lawsuit were acting within the scope of their employment by defendant.

Facts Underlying
Plaintiff's Claims for Relief

11.     On or about June 10, 2011 at and around 5:30 p.m., Danna Wilson, while in Macy's Herald Square Store, was unlawfully accosted, detained and imprisoned by Macy's employees, including Store Detective Shari Fernandez. Macy's employees thereafter caused Ms. Wilson's prosecution on the false charges of Petit Larceny and Criminal Possession of Stolen Property, crimes punishable by up to a year of jail.  Plaintiff was forced, under threat of issuance of an arrest warrant and of arrest, to appear in Criminal Court to defend against the baseless charges until they were dismissed and sealed on November 29, 2011.

12.     Ms. Wilson had been doing nothing unlawful and Macy's employees had no lawful justification to stop, detain, arrest and prosecute her.

13.     Danna Wilson and a friend, Dana Johnson, had arranged to meet at Macy's, and Ms. Wilson was shopping for clothing for herself and her niece and nephew on the fourth floor.

14.     Ms. Wilson placed the children's clothing she was going to purchase in a shopping bag she was carrying, had clothing she was going to purchase for herself draped over an arm, and was speaking on a mobile phone with her friend about where to meet in the store.  She and Ms. Johnson arranged to meet at the bathrooms on either the fifth or sixth floors (plaintiff does not recall which), and Ms. Wilson went up the escalator to the fifth floor where she was stopped by a male and a female Macy's employee.

15.     Defendant's employees required Ms. Wilson to come with them down to Macy's private jail located in the basement of the Herald Square Store.

16. Plaintiff remained imprisoned for approximately three to four hours, during which time, Macy's sought to have her admit to shoplifting and agree to pay money to defendant.

17. New York City Police Officers eventually arrived and took Ms. Wilson in handcuffs to a Precinct Stationhouse where she remained for several hours before being released with a Desk Appearance Ticket.

18. Defendant's employees, including Store Detective Shari Fernandez, provided false statements to the New York City Police Department and the New York County District Attorney's Office.

19. The misrepresentations caused Ms. Wilson to be arrested and thereafter prosecuted under New York County Criminal Court Docket No. 2011KCN005992.

20. On July 14, 2011, Ms. Wilson was arraigned on the false charges, released, and required to appear in Criminal Court on September 19, 2011 and then again on November 29, 2011, when the case was dismissed and sealed.

21. Defendant's acts and omissions caused Ms. Wilson to suffer mental and emotional upset and trauma, fear, humiliation, and loss of her liberty, among other injuries. The prosecution also caused lost job opportunities.

22. The defendant, by detaining, arresting, and imprisoning plaintiff, and in offering false evidence to the Police Department, District Attorney and Criminal Court Judges, acted intentionally, willfully, maliciously, negligently, and with reckless disregard for and deliberate indifference to plaintiff's rights and physical and mental well-being.

FIRST CLAIM FOR RELIEF FOR FALSE IMPRISONMENT

23. Plaintiff repeats the allegations of paragraphs 1-22 as though fully stated herein.

24. By reason of the foregoing, plaintiff was intentionally confined without privilege or probable cause to believe a crime had been committed. Plaintiff was aware of and did not consent to the confinement. Plaintiff was thereby falsely arrested and imprisoned.

25. As a consequence thereof, Danna Wilson has been injured.

SECOND CLAIM FOR RELIEF FOR ASSAULT

26. Plaintiff repeats the allegations of paragraphs 1-22 as though fully stated herein.

27. By the actions described above, plaintiff was intentionally placed in apprehension of imminent harmful and offensive contact.

28. As a consequence thereof, Danna Wilson has been injured.

THIRD CLAIM FOR RELIEF FOR BATTERY

29. Plaintiff repeats the allegations of paragraphs 1-22 as though fully stated herein.

30. By the actions described above, plaintiff was intentionally touched in a harmful and offensive manner.

31. As a consequence thereof, Danna Wilson has been injured.

### FOURTH CLAIM FOR RELIEF FOR MALICIOUS PROSECUTION

32. Plaintiff repeats the allegations of paragraphs 1-22 as though fully stated herein.

33. By reason of the foregoing, without probable cause and with actual malice, a Criminal Court proceeding was commenced against Ms. Wilson, said prosecution ending in plaintiff's favor.

34. As a consequence thereof, Danna Wilson has been injured.

### FIFTH CLAIM FOR RELIEF FOR NEGLIGENCE

35. Plaintiff repeats the allegations of paragraphs 1-22 above as though fully stated herein.

36. The acts complained of herein resulted from defendant breaching its duty properly to instruct, supervise, monitor and control its loss prevention and security personnel, including instructing, supervising, monitoring and controlling the individual defendants herein.

37. Defendant's enforcement of larceny laws in the Herald Square Store without adequate training, supervision, monitoring or control has resulted in a policy and practice of illegal seizures and prosecutions of shoppers traveling between floors with unpurchased merchandise, including the stop, seizure, arrest, search and prosecution of Danna Wilson.

38. Defendant was, at all relevant times herein, aware from lawsuits, New York's Attorney General investigation, complaints filed with Macy's, and from its own observations, that loss prevention and security personnel, pursuant

to Macy's own policy and practice, conduct unlawful stops, arrests, and prosecutions.

Request for Relief

WHEREFORE, plaintiff respectfully requests that judgment be entered as follows:

(A)  Compensatory damages in an amount to be fixed at trial;

(B)  By reason of the wanton, willful and malicious character of the conduct complained of herein, punitive damages from defendant in an amount to be fixed at trial;

(C)  An award to plaintiff of the costs and disbursements herein; and

(D)  Such other and further relief as this Court may deem just and proper.

Dated: June 8, 2012
      Brooklyn, New York

                                The Law Office of Matthew Flamm
                                Attorney for Plaintiff
                                26 Court Street, Suite 600
                                Brooklyn, New York 11242
                                (718) 797-3117
                                *Matthewflamm@msn.com*

                                _____
                                Matthew Flamm