LSK&D #: 255-0562 / 1943458

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
DANNA WILSON,

                            Plaintiff,

-against-

MACY'S, INC.,

                            Defendant.
-----------------------------------------------------------------x

**Docket No.: 12 CIV 4506**

**ANSWER**

**Jury Trial Demanded**

Defendant, MACY'S, INC. by its attorneys, LESTER SCHWAB KATZ & DWYER, LLP, answering plaintiff's Complaint dated June 8, 2012 respectfully states as follows:

## ANSWERING NATURE OF THE ACTION

1.    Denies any knowledge or information sufficient to form a belief as to the allegations contained in paragraph "1" of the Complaint.

## ANSWERING JURISDICTION AND VENUE

2.    Denies any knowledge or information sufficient to form a belief as to the allegations contained in paragraph "2" of the Complaint.

3.    Denies any knowledge or information sufficient to form a belief as to the allegations contained in paragraph "3" of the Complaint.

4.    Denies any knowledge or information sufficient to form a belief as to the allegations contained in paragraph "4" of the Complaint.

## ANSWERING PARTIES

5.    Denies any knowledge or information sufficient to form a belief as to the allegations contained in paragraph "5" of the Complaint.

6.    Admits the allegations contained in paragraph "6" of the Complaint.

7. Admits the allegations contained in paragraph "7" of the Complaint.

8. Denies each and every allegation contained in paragraph "8" of the Complaint.

9. Denies each and every allegation contained in paragraph "9" of the Complaint.

10. Denies each and every allegation contained in paragraph "10" of the Complaint.

### ANSWERING FACTS UNDERLYING PLAINTIFF'S CLAIMS FOR RELIEF

11. Denies each and every allegation contained in paragraph "11" of the Complaint.

12. Denies each and every allegation contained in paragraph "12" of the Complaint.

13. Denies any knowledge or information sufficient to form a belief as to the allegations contained in paragraph "13" of the Complaint.

14. Denies each and every allegation contained in paragraph "14" of the Complaint.

15. Denies each and every allegation contained in paragraph "15" of the Complaint.

16. Denies each and every allegation contained in paragraph "16" of the Complaint.

17. Denies any knowledge or information sufficient to form a belief as to the allegations contained in paragraph "17" of the Complaint except admits that New York City Police Officers eventually arrived and took Ms. Wilson from the store.

18. Denies each and every allegation contained in paragraph "18" of the Complaint.

19. Denies each and every allegation contained in paragraph "19" of the Complaint.

20. Denies each and every allegation contained in paragraph "20" of the Complaint.

21. Denies each and every allegation contained in paragraph "21" of the Complaint.

22. Denies each and every allegation contained in paragraph "22" of the Complaint.

### ANSWERING THE FIRST CLAIM FOR RELIEF FOR FALSE IMPRISONMENT

23. Repeats and reiterates each and every denial hereinbefore made with the same force and effect as though the same were set forth at length herein in answer to paragraph number "23" of the Complaint.

24. Denies each and every allegation contained in paragraph "24" of the Complaint.

25. Denies each and every allegation contained in paragraph "25" of the Complaint.

### ANSWERING THE SECOND CLAIM FOR RELIEF FOR ASSAULT

26. Repeats and reiterates each and every denial hereinbefore made with the same force and effect as though the same were set forth at length herein in answer to paragraph number "26" of the Complaint.

27. Denies each and every allegation contained in paragraph "27" of the Complaint.

28. Denies each and every allegation contained in paragraph "28" of the Complaint.

### ANSWERING THE THIRD CLAIM FOR RELIEF FOR BATTERY

29. Repeats and reiterates each and every denial hereinbefore made with the same force and effect as though the same were set forth at length herein in answer to paragraph number "29" of the Complaint.

30. Denies each and every allegation contained in paragraph "30" of the Complaint.

31. Denies each and every allegation contained in paragraph "31" of the Complaint.

### ANSWERING THE FOURTH CLAIM FOR RELIEF FOR MALICIOUS PROSECUTION

32. Repeats and reiterates each and every denial hereinbefore made with the same force and effect as though the same were set forth at length herein in answer to paragraph number "32" of the Complaint.

33. Denies each and every allegation contained in paragraph "33" of the Complaint.

34. Denies each and every allegation contained in paragraph "34" of the Complaint.

## ANSWERING THE FIFTH CLAIM FOR RELIEF FOR NEGLIGENCE

35. Repeats and reiterates each and every denial hereinbefore made with the same force and effect as though the same were set forth at length herein in answer to paragraph number "35" of the Complaint.

36. Denies each and every allegation contained in paragraph "36" of the Complaint.

37. Denies each and every allegation contained in paragraph "37" of the Complaint.

38. Denies each and every allegation contained in paragraph "38" of the Complaint.

## AS AND FOR A FIRST SEPARATE DEFENSE

39. That any injuries and/or damages sustained by the plaintiff, as alleged in the Complaint herein, were caused in whole or in part by the contributory negligence and/or culpable conduct of each plaintiff and not as a result of any contributory negligence and/or culpable conduct on the part of this answering defendant.

## AS AND FOR A SECOND SEPARATE DEFENSE

40. That by entering into the activity in which each plaintiff was engaged at the time of the occurrence set forth in the Complaint, each plaintiff knew the hazards thereof and the inherent risks incident thereto and had full knowledge of the dangers thereof; that whatever injuries and damages were sustained by the plaintiffs herein as alleged in the Complaint arose from and were caused by reason of such risks voluntarily undertaken by plaintiff in their activities and such risks were assumed and accepted by them in performing and engaging in said activities.

## AS AND FOR A THIRD SEPARATE DEFENSE

41. Pursuant to the General Business Law §218, plaintiff's Complaint is barred since plaintiff was detained in a reasonable manner and for not more than the reasonable time to permit investigation and questioning by this defendant, and since defendant had reasonable grounds to believe that plaintiff was committing or attempting to commit larceny of merchandise on the premises.

## AS AND FOR A FOURTH SEPARATE DEFENSE

42. That if the plaintiff sustained the injuries complained of in the manner alleged, said injuries were caused by the negligence of parties over whom the answering defendant was not obligated to exercise supervision or control.

## AS AND FOR A FIFTH SEPARATE DEFENSE

43. The liability of this defendant, if any, to the plaintiff for non-economic loss is limited to its equitable share, determined in accordance with the relative culpability of all persons or entities contributing to the total liability for non-economic loss, including named parties and others over whom plaintiff could have obtained personal jurisdiction with due diligence.

## AS AND FOR A SIXTH SEPARATE DEFENSE

44. In the event plaintiff recovers a verdict or judgment against this defendant, then said verdict or judgment must be reduced pursuant to CPLR 4545(c) by those amounts which have been, or will, with reasonable certainty, replace or indemnify plaintiff, in whole or in part, for any past or future claimed economic loss, from any collateral source such as insurance, social security, workers' compensation or employee benefit programs.

## AS AND FOR A SEVENTH SEPARATE DEFENSE

45.     The amount of punitive damages sought is unconstitutionally excessive, and disproportionate to Defendant's conduct under the United States Constitution, and thus violates the Due Process Clause of the Fourteenth Amendment, U.S. Const. amend. XIV, Section 1, and the Due Process Clauses of the New York State Constitution, Article I, Section 6.

46.     Any award of punitive damages based upon vague and undefined standards of liability, would violate the Due Process Clause of the Fourteenth Amendment, U.S. Const. amend. XIV, Section 1, and the Due Process Clause of the New York State Constitution, Article I, Section 6.

47.     Any award of punitive damages based upon any standard of proof less than "clear and convincing" evidence would violate the Due Process Clause of the Fourteenth Amendment of the United States Constitution, and the Due Process Clause of the New York State Constitution, Article I, Section 6.

48.     Any award of punitive damages resulting from the same course of conduct for which Defendant has been or may be found liable for punitive damages in another action violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution, and the Due Process Clause of the New York State Constitution, Article I, Section 6.

49.     Any award of punitive damages must be proportionate to the underlying compensatory damage award.  See State Farm Mutual Automobile Insurance Co. v. Campbell, et al., (S.Ct. 2003).

**WHEREFORE**, this answering defendant demands judgment dismissing the Complaint, together with the attorneys' fees, costs and disbursements of this action.

Dated: New York, New York
September 11, 2012

                                        Respectfully submitted,

                                        LESTER SCHWAB KATZ & DWYER, LLP

                                        Robert N. Dunn (RND-9193)
                                        Attorneys for Defendant
                                        MACY'S, INC.
                                        120 Broadway
                                        New York, New York 10271
                                        (212) 964-6611

TO:

Matthew Flamm, Esq.
THE LAW OFFICE OF MATTHEW FLAMM
26 Court Street, Suite 600
Brooklyn, New York 11242
P: (718) 797-3117
F: (718) 572-2026
Matthewflamm@msn.com
Attorneys for Plaintiff